ESCA.

leo@esca.legal  •  917-397-1384 x 109

March 6, 2025

**VIA ECF**

Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1010
New York, NY 10007



**RE:   Overnight Blowout, LLC et al v. Individuals, Corporations, LLCs, Partnerships, and Unincorporated Associations Identified on Schedule A**

Dear Judge Rearden:

I write on behalf of Plaintiffs in the above-referenced action. On March 5, 2025, Chief District Judge Swain, acting as the Part I Judge, issued Plaintiffs' request for a temporary restraining order, and ordered Defendants to file any answering papers by March 7, 2025 and appear on March 10, 2025 to show cause why a preliminary injunction order should not be issued. (ECF No. 20) (the "OTSC"). Plaintiffs respectfully seek an order extending Defendants' time to file answering papers by one week, to March 14, 2025, and postponing the hearing to March 17, 2025. This is Plaintiffs' first request for an extension or adjournment. There is good cause for the request as follows.

This case involves the blatant infringement of Plaintiffs' intellectual property rights. Plaintiff Overnight Blowout, LLC ("OB") is associated with the OVERNIGHT BLOWOUT™ heatless hair-curling rods, for which it holds a registered design patent, as well as exclusive copyright rights in its marketing content. Defendants are a number of e-commerce sellers, all of whom appear to be overseas, who are marketing and selling blatant knock-offs which bear OB's patented design without authorization (the "Infringing Products"), and which they market using OB's own copyrighted marketing content and brand. Making matters worse, to further align themselves with OB and mislead consumers, Defendants, without authorization, utilize images of

# ESCA.

nicole@esca.legal  •  917-397-1384 x 106

OB's founder, Plaintiff Yesenia Hipolito, in their advertising, as well as images of other social media influencers who have brand relationships with OB, to falsely represent an association with and/or endorsement from OB and Hipolito.

Judge Swain issued the OTSC on March 5, 2025, finding that Plaintiffs were likely to succeed on all of their claims based on the record. As part of the OTSC, Judge Swain granted Plaintiffs' request for an asset restraint, as well as expedited discovery, which requires third-parties serving Defendants to put a restraint on funds held in Defendants' accounts, and, within five (5) days of receipt of the OTSC, to provide Plaintiffs with certain information including *inter alia* Defendants' contact information.

Upon receiving the OTSC yesterday, Plaintiffs immediately served it on relevant third-parties, such as Amazon, Walmart, Shein, Tik Tok, Alibaba, PayPal, and others providing services to Defendants. However, Plaintiffs believe that it is unlikely that they will be able to provide Defendants with actual notice of the OTSC and Plaintiffs' moving papers prior to the deadline to serve their answering papers (March 7). This is because Plaintiffs have not yet received (i) confirmation from the providers that an asset restraint has been put in place, which is necessary given that Defendants are overseas infringers who do not operate legitimate businesses and are likely to abscond if given advance notice of this suit; and (ii) contact information that will allow Plaintiffs to serve Defendants and provide them with actual notice of this action and the requested relief. Indeed, in Plaintiffs' experience, it can take service providers more than one day to respond with the requested information. And the OTSC gives these providers until March 10 to respond—five days after Plaintiffs served it on them—which is currently the same day as the hearing.

# ESCA.

nicole@esca.legal  •  917-397-1384 x 106

Accordingly, Plaintiffs respectfully request a one-week adjournment of the hearing, so that it takes place on March 17, 2025, with Defendants' answering papers due on March 14, 2025 and Plaintiffs' reply papers, if any, due on March 17 prior to the hearing. This would provide additional time for third-party providers to locate and restrain Defendants' accounts and identify them to Plaintiffs, so that Plaintiffs can properly apprise Defendants of this suit ahead of the hearing. Moreover, because the OTSC was issued yesterday, a one-week adjournment would still fall within the 14-day limit set by Federal Rule of Civil Procedure 65(b)(2).

We thank the Court for its time and attention to this matter.

Respectfully,

/s/ Leo M. Lichtman
Leo M. Lichtman
Partner

Application GRANTED.  Defendants shall respond to the Order to show cause, ECF No. 20, by **March 14, 2025**.  Plaintiffs shall submit their reply, if any, by **March 17, 2025** at **12:00 p.m.**  The hearing scheduled for March 10, 2025 is adjourned to **March 19, 2025** at **12:30 p.m.**  The hearing will be conducted via telephone conference.  Counsel should join the conference by dialing 646-453-4442 and entering Conference ID: 302 021 759#.  Members of the public may call the same number but are to keep their phones muted during the proceeding.

The Clerk of Court is directed to terminate ECF No. 21.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: March 6, 2025