UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OVERNIGHT BLOWOUT LLC; YESENIA HIPOLITO<br><br>Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 1:25-cv-01790-JHR |

### [PROPOSED] PRELIMINARY INJUNCTION

Upon Plaintiff Overnight Blowout LLC ("Overnight Blowout") and Yesenia Hipolito's ("Hipolito") (collectively, "Plaintiffs") application for a preliminary injunction against the Defendants identified on Schedule A to the Complaint ("Defendants"), using at least the domain names or online marketplace accounts identified on Schedule A to the Complaint (the "Marketplace Accounts"); upon the accompanying memoranda of law and declarations, the Preliminary Injunction hearing held on March 18, 2025; and pursuant to Federal Rule of Civil Procedure 65(a):

IT IS HEREBY ORDERED that Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them who receive actual notice of this Order, are enjoined from:

 a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring products that reproduce or colorably imitate Plaintiffs' registered design patent, No. D1,029,387 S (the "'387 Patent");

WHEREAS, Plaintiffs moved *ex parte* on March 3, 2025 against Defendants for 1) a temporary restraining order; 2) an order restraining Defendants' Accounts' Assets with the Third Party Providers; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on March 5, 2025, the Court entered an Order granting Plaintiffs' Application (the "TRO") which ordered Defendants to appear on March 10, 2025 at 12:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on March 6, 2025, the Court adjourned the Show Cause Hearing, on Plaintiffs' application, to March 19, 2025 at 12:30 p.m.;

WHEREAS, on March 19, 2025, the Court adjourned the Show Cause Hearing to March 31, 2025 at 10:00 a.m. to allow Plaintiffs to effectuate service on the twenty-eight Defendants associated with Third Party Providers TikTok, Alibaba.com, and AliExpress.com, which had not provided email addresses for those Defendants;

WHEREAS, on March 28, 2025, the Court adjourned the Show Cause Hearing to April 2, 2025 at 10:30 a.m. to allow Plaintiffs to effectuate service on the eighteen Defendants associated with Alibaba.com and AliExpress.com, which had continued to fail to provide email addresses for those Defendants;

WHEREAS, by April 1, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs had served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on April 2, 2025 at 10:30 a.m., Plaintiffs appeared at the Show Cause Hearing, but no Defendants appeared;

2

IT IS HEREBY ORDERED that the restraints previously imposed by the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65.

Accordingly, Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them who receive actual notice of this Order, are enjoined from:

b. Using the OVERNIGHT BLOWOUT trademark (the "OVERNIGHT BLOWOUT Mark") in commerce, including in connection with the Marketplace Accounts;

c. Reproducing, adapting, or publicly displaying Plaintiffs' copyrighted works, including the copyrighted works covered by U.S. Copyright Registration Nos. PA 2-479-850 and PA 2-479-851 (the "OVERNIGHT BLOWOUT Copyrights");

d. Using Plaintiff Hipolito's image or likeness, or a modified version of Hipolito's image or likeness;

e. Directly or indirectly implying a false endorsement or promotion by Plaintiff Hipolito or any other model who has not endorsed or promoted Defendants' products;

f. Passing off, inducing, or enabling others to sell or pass off any product as a genuine OVERNIGHT BLOWOUT product that is not, in fact, Plaintiffs' OVERNIGHT BLOWOUT Product and/or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the OVERNIGHT BLOWOUT Mark ~~or the '387 Patent~~;

g. Committing any other acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, endorsed by, or otherwise connected with Plaintiffs;

h. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory held by Defendants which bear the OVERNIGHT BLOWOUT Mark, ~~the '387 Patent,~~ or the OVERNIGHT BLOWOUT Copyrights;

4

i. Operating and/or hosting websites and/or any other web presence or online storefront involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing OVERNIGHT BLOWOUT Mark, ~~the '387 Patent~~, or the OVERNIGHT BLOWOUT Copyrights;

j. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, Marketplace Account, website, or other means for the purposes of circumventing or otherwise avoiding the prohibits set forth in this Order; and

k. Encouraging, facilitating, assisting, or inducing others to violate (a) – (j) herein.

IT IS FURTHER ORDERED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including third-party financial institutions, payment processors, banks, escrow services, money transmitters, web hosts, registrars, or marketplace platforms that are providing services for any of the Defendants, including without limitation Amazon.com, Walmart.com, Alibaba.com, AliExpress.com, TikTok.com, Shein.com, Shopify, PayPal, GoDaddy, and their related companies and affiliates (together, the "Third Party Providers") are hereby restrained and enjoined from:

a. Transferring or disposing of any money or other assets residing with Defendants' Marketplace Accounts;

b. Allowing funds held by Defendants to be transferred or withdrawn to or from any Marketplace Account or financial account used in connection therewith;

c. Providing services to Defendants and Defendants' Marketplace Accounts;

d. Encouraging, facilitating, assisting, or inducing others to violate (a) – (c) herein.

~~IT IS FURTHER ORDERED that GoDaddy, within three (3) days upon receipt of this Order, shall suspend and cease providing services to domain name registration http://getdreamwave.com.~~

IT IS FURTHER ORDERED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, are to preserve and not secrete, conceal, destroy, sell off, transfer, or otherwise dispose of (i) evidence relating to the Marketplace Accounts; or (ii) evidence otherwise related to the allegations set forth in Plaintiffs' Complaint in the matter herein.

IT IS FURTHER ORDERED that within fourteen (14) days of receipt of service of this Order, the Third Party Providers shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) not otherwise provided which relate to Defendants' Marketplace Accounts, including but not limited to documents and records relating to:

    a. Identifying information and account numbers which Defendants have ever had and/or currently maintain with the Third Party Provider in connection with the Marketplace Accounts;

    b. Any information comprising identities, location, and contact information for Defendants;

    c. Any and all financial information tied to the Marketplace Accounts, including methods of payment and methods of accepting payment, financial accounts used in connection with the Marketplace Accounts, account numbers and current account balances, and any other identifying information tied to such financial accounts; and

    d. A full accounting of Defendants' sales history and listing history.

IT IS FURTHER ORDERED that Plaintiffs shall serve a copy of this Preliminary Injunction on Defendants via e-mail as ordered in the temporary restraining order, and such means shall be deemed as effective as to Defendants and Third Party Providers through the pendency of this action.

IT IS FURTHER ORDERED that this Order shall remain in effect during the pendency of this action, or until further order of the Court.

SO ORDERED this 2nd day of April, 2025.

_____
Hon. Jennifer H. Rearden
United States District Judge